# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VERONIKA BELAIA,<br><br>                                    Petitioner,<br><br>     v.<br><br>WARDEN, Otay Mesa Detention Center;<br>FIELD OFFICE DIRECTOR, ICE San<br>Diego,<br><br>                                    Respondents. | Case No.:  26cv0664 DMS DDL<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a reply. For the following reasons, the Court grants the Petition.

Petitioner is a citizen of Russia. (Return at 2.) On April 15, 2025, she applied for admission to the United States at a port of entry. (*Id.*)[1] After inspection, Petitioner was deemed inadmissible and taken into Immigration and Customs Enforcement ("ICE")

---

[1] It appears Petitioner entered the United States with her husband Sergei Savichev. (Return, Ex. 1.) Mr. Savichev filed his own habeas corpus petition in this Court, *see* Case Number 26cv0754 TWR SBC, which was granted in part. Case No. 26cv0754 TWR SBC, ECF No. 6. Specifically, the Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). (*Id.*)

1

custody.  (Return at 2.)  She has been in custody since that time and is presently confined in Otay Mesa Detention Center.  While in custody, Petitioner was issued a Notice to Appeal, which initiated removal proceedings against her.  (*Id.*)  Those proceedings remain ongoing.  (*Id.*)  As of the filing of the Return on February 12, 2026, there were no future hearings scheduled in Petitioner's case and the parties were awaiting a decision from the immigration judge.  (*Id.*)

On February 2, 2026, Petitioner filed the present case in which she alleges her continued detention without a bond hearing violates her right to due process.[2]  Respondents argue Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A), the Court lacks jurisdiction to consider her claim, and her continued detention does not violate her due process rights.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case.  *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6.  In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights.  *See De la Torre Duran*, ECF No. 11.  Applying those factors to the present case results in the same conclusion.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition.  Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order.  The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's

---

[2] Petitioner also raises a conditions of confinement claim, which Respondents argue is not cognizable on habeas.  The Court agrees.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'")  Accordingly, the Court does not address that claim further.

2

26cv0664 DMS DDL

entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

Dated:  March 11, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0664 DMS DDL